JEREMIAH ALEXANDER and WIFE *v.* WYATT MOYE.

1. CHANCERY: PLEADING: BILL TO RESCIND FOR DEFECTIVE TITLE.—If a complainant, who is a vendee in possession under a bond for title, seek a rescission of the contract on the ground of a defect in the title of the vendor, he should set forth in his bill specifically the nature of the defect complained of; a general allegation that the vendor has no title, and is unable to make one, will not do.

2. SAME: PRACTICE: AMENDMENT.—It is not the duty of the chancellor, upon sustaining a demurrer to a bill, for the reason that the facts upon which complainant claims relief are not formally and sufficiently pleaded, to allow, of his own motion, the complainant to amend. If liberty to amend is desired, it should be applied for.

3. SAME: SAME: DISMISSAL WITHOUT PREJUDICE.—Where a demurrer is sustained to a bill upon the ground that it is not formally and technically drawn, and the complainant does not apply for leave to amend, the decree should dismiss the bill without prejudice.

APPEAL from the Chancery Court of Monroe county. Hon. Joel M. Acker, chancellor.

This was a bill filed by the appellants to rescind a contract by which Moye sold to Mrs. Alexander certain lots in the town of Aberdeen.

The bill shows that, on the 7th of January, 1857, Mrs. Alexander purchased certain lots of Moye at the price of $1000; and that Moye executed to her a title-bond conditioned "to make a good and fee-simple title whenever the purchase-money was paid." That

Alexander and wife *v.* Moye.

Mrs. Alexander went into possession under the contract, and executed a mortgage on a negro woman to secure the purchase-money, which was due 1st April, 1857. That at the time of the purchase she believed that Moye had a good title to the lots, and that he retained the title in himself to secure the payment of the purchase-money.

That before 1st April, 1857, complainant, upon inquiry, found that Moye had no title whatever to the lots, and for that cause and others, she would not consent for Moye to sell the slave mortgaged, but consented that he should hire the slave to pay the interest. That in May, 1858, one Morgan brought ejectment against her for the lots, and she notified Moye to defend the suit, which he declined, and which greatly perplexed and harassed complainant.

Complainant thereupon tendered the purchase-money and interest to Moye, and demanded a good title. Morgan offered her his deed in fee simple for the lots, which she declined to take. That afterwards, in October, 1858, she tendered to Moye his bond for title, and offered to surrender possession and put Moye in the same situation he was in before the sale, and demanded from Moye a rescission of the contract and a surrender of her note and mortgage, which he declined.

The bill then charges as follows: "That the said Moye had not, at the time he sold to complainant, nor has he had at any time since, a good and fee-simple title to said lots; nor could he at any time since the purchase have made a good and fee-simple title to said lots to your oratrix, according to the stipulations of his bond for title. That Moye, by fraud, covin, and deceit, induced your oratrix to make said purchase, pretending and so representing to your oratrix that he could and would, when said purchase-money was paid, make her a good and fee-simple title."

The prayer was for a rescission of the contract.

The defendant demurred, and among other grounds of demurrer he assigned the failure of the complainant to set out in her bill the defect of title complained of.

The demurrer was sustained, and the bill dismissed, and the complainant appealed.

*D. W. Saddler,* for appellant.

Alexander and wife *v.* Moye.

Appellant contends that it was only necessary that she should offer to perform, and on failure on the part of her vendor to comply, then to offer to place her vendor in *statu quo*. *Young* v. *Harris, Admr.* 2 Ala. 108; *Fitzpatrick* v. *Featherston et al.* 3 Ib. 40; *Johnson* v. *Jackson*, 27 Miss. 501.

The vendee tendered the money. Defendant offered a paper title. She declined to accept it; unless it conveyed " a good and fee-simple title to said lots," she was not bound to take it. The vendor could not convey what he did not have himself. The bill shows he had no title. *Greenwood* v. *Ligon*, 10 S. & M. 615; *Feemster* v. *May*, 13 Ib. 275; *Arthur* v. *Pearson*, 32 Miss. 133; *Branch Bank* v. *Cullum*, 4 Ala. 21; *Thompson's Admr.* v. *Christian*, 28 Ib. 399.

In the case of *Liddell* v. *Sims*, 9 S. & M. 612, the court says that there is an implied warranty on the part of the vendor in a sale made without explanation, that he is " able to do what he contracts to do," and complainant would submit that in that case, the court decreed a rescission, and the bill did not show in whom the title to the land was actually vested. We have thought it sufficient to aver in the bill that the defendant, at the time of filing the bill, had no title, nor at any time previously; and the court in the above stated case sustains us. The vendee is not presumed to know in whom the title is vested. It is sufficient for her to know and allege that her vendor has none. If defendant should deny that allegation in answer, then it will be time enough for complainant to prove that negative by showing, so far as may be in her power, in whom the title rests. On demurrer the fact that the defendant has no title stands confessed. That being confessed, the whole current of decisions agree that she is entitled to her relief. (See Transcript, p. 5.) Defendant is in default, and complainant may put an end to the contract. *Harris et al.* v. *Bolton et al.* 7 How. 171; *Meadow* v. *Sorsberry*, 2 Ala. 712; *Pucket* v. *McDonald*, 6 How. 269; Sugden on Vendors, 348.

If at the filing of the bill, or at furthest at the time of entering the decree, there is a total inability on the part of the vendor to make title, and there is no adequate relief at law for the breach of the contract, the court will decree a rescission, even though there may have been no actual fraud in the case. *Fletcher* v. *Wilson et al.*

1 S. & M. Ch. R. 387; *Bullock* v. *Bennis*, 1 A. K. Marsh. 434; *Hepburn* v. *Dunlop*, 1 Wheat. 179.

Again, the court erred in failing to grant to complainant the privilege of amending his bill, upon sustaining the demurrer. Grant that the bill was defective, it was so, merely in the absence of facts which were omissions only in the statement of the circumstances, which might be easily supplied. The material facts are all stated. The circumstances attending those facts are not full and specific. The court, upon sustaining the demurrer, should have granted to complainant the privilege of amending his bill in that respect. 9 Yerger, 288; 1 Johnson Ch. R. 184; 4 Randolph, 95; 6 Paige, 655; 1 Barber, 113.

We contend again that the court erred in rendering a general judgment in this case, because, in dismissing complainant's bill, it should have been done without prejudice, so that complainant could have filed her new bill, if she had desired. As the judgment now stands, she seems to be forever precluded from that privilege. " Where a bill is dismissed at the hearing, upon a mere defect of form in the pleadings, and not upon the merits of the cause, it should be dismissed without prejudice to the complainant's right to institute a new suit, if he thinks proper to do so." *Crosier* v. *Acer et al.* 7 Paige, 137; 9 Yerger, 287.

*Dowd* and *Sykes*, for appellee.

1. A complainant who seeks to rescind a contract for the sale of land, must show clearly the defect in the title, and that there has been fraud, accident, or mistake; and then his remedy must have been pursued in good time. 1 S. & M. 146; 3 Ib. 690; 1 Ib. Ch. 134; Ib. 376.

In bills filed for the rescission of a contract for the sale of land, it makes no difference whether the party is in possession under a bond for title or a deed. His equity is precisely the same, and is no greater in the one than the other.

2. The complainant cannot ask the vendor to deduce his title; it is for the vendee to show and prove the defect; and if none be shown by proper allegations in his bill, he is entitled to no relief in equity. 1 S. & M. 146; 7 Howard, 171; 5 Munford, 295.

3. It is incumbent on a complainant seeking to rescind a con-

tract on the ground of defective title, to show by his bill the nature of the incumbrances or the outstanding title, so that the court may judge of its validity.    3 S. & M. 691.

Bills of this character are not favored by the law, for it is the object and design of the law to enforce contracts, not to undo them.    It is therefore necessary for the complainant to state, with great clearness and particularity, everything required.    In this bill, neither any defect nor the nature thereof, is set forth.    It merely alleges that, at the May term, 1858, an action of ejectment was instituted for the lots.    There the allegation stops.    It does not say whether the action is still pending, or whether it was dismissed; nor does it pretend to set out the nature of Morgan's claim, or indeed whether he had any claim at all.    This, we conceive, is a fatal defect in the bill.

4.  Where a party covenants to convey, he is not in default, until the vendee has once demanded a deed of conveyance, and having waited a reasonable time to have it drawn and executed, has made a second demand.    7 S. & M. 217; 13 Ib. 48; 26 Miss. 360.

In this bill, complainants allege but one demand for a deed of conveyance, and did not wait a reasonable time and make a second demand.

Again: even at the time the first demand was made, defendant offered, as the bill admits, a title to the land.    He was not bound to submit the deed he offered, to the examination of complainant's counsel.    This failure to demand a deed a second time is unquestionably, according to the decision of this court, a fatal defect in the bill.

5.  A court of equity will not decree a specific performance of a contract where the party seeking relief has failed to comply with his part of the agreement within the time appointed for the purpose, and on the terms stipulated.    4 Howard, 86.

Again: a party discovering a defect in his title, should at once, if he design doing so at all, surrender the possession of the property, and demand a rescission, and his neglect to do so is a waiver of his right to a rescission.    1 S. & M. Chancery R. 376, 390; 3 Johns. Ch. 23, 41; 17 Johns. R. 437.

Alexander and wife *v.* Moye.

HARRIS, J., delivered the opinion of the court.

This bill was filed to rescind a contract for the sale of real estate, and was dismissed on demurrer. An appeal is now prosecuted here to revise that decree.

The ground of demurrer chiefly relied on in argument, is that the complainants in their bill do not show the defect of title complained of, but rely upon the general allegation in the bill that the defendant has no title to the estate conveyed.

It seems to be settled in this court, that it is incumbent on the vendee of land holding possession under a bond for titles, and seeking a rescission of the contract on the ground of defect in the vendor's title, specifically to state in what the defect of title consists.

The case of *Liddell* v. *Sims*, 9 S. & M. 143, does not seem to be an exception to this rule, as supposed by counsel for complainants. The defects complained of in that case are stated. This demurrer was, therefore, properly sustained.

It is next insisted that the decree was erroneous, in dismissing the bill without allowing an opportunity for amendment.

It does not appear in this record that any application was made to the court for leave to file an amended or supplemental bill, and without such application the decree was usual and proper. Upon proper application, it is certainly the duty of the court, in the exercise of its sound discretion, under the 49th article of the Chancery Court law, Code, p. 547, " to allow amendments in the pleadings and proceedings on liberal terms, to prevent delay and injustice." But it is never the province of a court to anticipate such applications without authority of law.

We think sufficient appears, however, in this record to show that the bill should have been dismissed without prejudice, so as not to deprive the complainants of any future proceeding which may be necessary for the protection of their rights.

Let the decree in the court below be reversed, and decree rendered in this court dismissing the bill without prejudice.