PATTERSON, Justice:
The complainants, appellants here, filed a cloud suit in the Chancery Court of Rankin County against several defendants, one of whom was the Farmers Home Administration. The United States demurred to the bill of complaint upon the basis that the Farmers Home Administration was not an agency subject to suit in the state court absent express authorization by the United States. Incorporated within the demurrer was the title to the appropriate section of the United States Code which designates the means by which the United States can be named a party in a title suit in a state court.
The court below sustained the demurrer and dismissed the bill of complaint with prejudice. This dismissal precipitated the filing of numerous motions and pleas spanning three terms of court. We have reduced the various pleadings to their common denominator in an endeavor to discern the issue before the Court. We conclude it to be: Are the complainants entitled to amend their bill of complaint so that the United States may be properly designated as a defendant to the suit ?
We are of the opinion the lower court correctly determined the United States to be a necessary party to the suit, but erred in dismissing the bill with prejudice and in refusing to permit the amendment to be made properly designating the United States as a defendant. In Griffith, Mississippi Chancery Practice, section 311 (2d Ed. 1950), we note this pronouncement:
The whole rule in this respect is expressed thus: It is not the duty of the chancellor on sustaining a demurrer to inquire whether the party desires to amend, or to insert such leave voluntarily. If such leave is desired the party should and must apply for it, otherwise the order is properly a dismissal. In making such order of dismissal if the demurrer be a general one going to the substance of the bill the dismissal is without reservation; if the demurrer is special going to some formal matter the dismissal should be without prejudice.

See also Alexander v. Moye, 38 Miss. 640 (1860).
The demurrer of the United States did not challenge the substance of the bill and upon being sustained the subsequent dismissal of the bill of complaint should have been without prejudice so that an appropriate amendment might have been made upon motion therefor.
Reversed and remanded.
RODGERS, P. J., and INZER, WALKER and BROOM, JJ., concur.